IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher T. Zweifel,          :
               Petitioner     :
                           :
          v.                :  No. 593 M.D. 2018
                           :  Submitted:  April 1, 2022
The Pennsylvania State Police  :
of the Commonwealth of      :
Pennsylvania,               :
              Respondent   :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                                FILED:  May 24, 2022

Christopher T. Zweifel has filed an Application for Summary Relief in this Court's original jurisdiction, challenging the constitutionality of Subchapter I of the Sexual Offender Registration and Notification Act, Act of February 21, 2018, P.L. 27, No. 10, 42 Pa. C.S. §§ 9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140, No. 29 (SORNA II), and seeking to have his name removed from the Pennsylvania Megan's Law website.  In particular, Mr. Zweifel contends that, pursuant to the Pennsylvania Supreme Court's reasoning in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), the website notification requirements of Subchapter I are punitive as applied to him because his underlying convictions pre-dated the enactment of any sex offender registration scheme.  For the reasons that follow, we deny Mr. Zweifel's Application for Summary Relief.

## Background

In October 1995, Mr. Zweifel pled guilty to aggravated indecent assault, indecent assault, corruption of minors, and endangering the welfare of children and was sentenced to an aggregate term of 2½ to 5 years in prison. Pet. for Rev. ¶ 3. In September 2000, Mr. Zweifel was required to register as a sex offender for life based on his underlying convictions. *Id.* ¶¶ 6, 17.[1]

On September 13, 2018, Mr. Zweifel filed a Petition for Review in this Court's original jurisdiction, asserting that Subchapter I of SORNA II was unconstitutional as applied to him. The Pennsylvania State Police of the Commonwealth of Pennsylvania (PSP) filed an Answer and New Matter on November 16, 2018, after which Mr. Zweifel filed a Response.

On June 22, 2020, Mr. Zweifel filed his first Application for Summary Relief, which he subsequently withdrew.

On November 3, 2021, Mr. Zweifel filed the instant Application for Summary Relief with this Court.[2] In his Application for Summary Relief, Mr. Zweifel asserts that the *Lacombe* Court held that, although Subchapter I of SORNA II *as a whole* is not punitive in nature, the requirement of publishing a sex offender's name on the Megan's Law website *is* punitive. Appl. for Summ. Relief ¶ 10. In other words, Mr. Zweifel contends that "the publicly accessed [Megan's Law] website [is] punitive to

---

[1] The parties' filings in this case contain very little factual information regarding Mr. Zweifel's underlying criminal convictions or his sex offender registration obligation.

[2] We may grant an application for summary relief if the moving party's right to judgment is clear and no material issues of fact are in dispute. *See* Pa.R.A.P. 1532(b); *Eleven Eleven Pa., LLC v. State Bd. of Cosmetology*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017). When ruling on an application for summary relief, this Court "'view[s] the evidence of record in the light most favorable to the non-moving party and enter[s] judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law.'" *Eleven*, 169 A.3d at 145 (citation omitted).

those who, like [Mr. Zweifel], were not subject to such public shaming when they entered into a plea prior to any website notification requirement under previous versions of . . . Megan's Law." *Id.* ¶ 13. Mr. Zweifel seeks to have his name immediately removed from the Megan's Law website.

On November 17, 2021, PSP filed an Answer to the Application for Summary Relief. Both parties have also filed briefs in support of their respective positions.

**<u>Analysis</u>**

In his brief, Mr. Zweifel asserts that "it is clear that the Supreme Court of Pennsylvania has found that publication on a website of [a] petitioner's information is a form of 'public shaming' and thus [is] punitive in its effect" and, therefore, he is entitled to "removal of his information from the [PSP] Megan's Law website." Zweifel Br. in Support of Appl. for Summ. Relief at 4 (unpaginated). We disagree.

In support of his claim, Mr. Zweifel relies entirely on one aspect of the *Lacombe* Court's analysis, wherein the Supreme Court found that Subchapter I's website notification requirements amounted to "public shaming" and, as such, that factor "weigh[ed] in favor of finding Subchapter I punitive." *Lacombe*, 234 A.3d at 624. Despite this determination, however, the Supreme Court ultimately held that Subchapter I of SORNA II is *nonpunitive* and does not violate the prohibition against *ex post facto* laws. *Id.* at 626-27.

Recognizing that we are bound by *Lacombe*, Mr. Zweifel contends that this case is factually distinguishable because, unlike the petitioner in *Lacombe*, Mr. Zweifel's convictions pre-dated the enactment of any sex offender registration scheme.[3] Zweifel Br. in Support of Appl. for Summ. Relief at 3-4. However, in *T.S. v. Pennsylvania State Police*, 241 A.3d 1091 (Pa. 2020), the Supreme Court issued

---

[3] Mr. Zweifel pled guilty in October 1995; the first version of Pennsylvania's sex offender registration statute took effect in April 1996.

3

a *per curiam* Order extending *Lacombe*'s holding to individuals whose offenses were committed before the enactment of any sex offender registration scheme.[4] Indeed, this Court has applied *Lacombe* and *T.S.* to similarly situated petitioners in several recent cases. *See, e.g.*, *Wetzel v. Pa. State Police* (Pa. Cmwlth., No. 362 M.D. 2018, filed July 14, 2021), slip op. at 10 n.7; *R.O. v. Blocker* (Pa. Cmwlth., No. 256 M.D. 2020, filed May 24, 2021), slip op. at 6-7; *Lusik v. Pa. State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed Jan. 26, 2021), slip op. at 6-7.[5]

We conclude that the Supreme Court's ruling in *Lacombe* controls. While Mr. Zweifel is correct that *Lacombe* is factually distinguishable from this case, the Supreme Court in *T.S.* made clear that *Lacombe*'s holding applies even if the petitioner's conviction pre-dated the enactment of any sex offender registration scheme. Therefore, in light of *Lacombe* and *T.S.*, we conclude that Mr. Zweifel's Application for Summary Relief fails as a matter of law.

### Conclusion

Accordingly, we deny Mr. Zweifel's Application for Summary Relief.

_____
ELLEN CEISLER, Judge

---

[4] In its *per curiam* Order in *T.S.*, the Supreme Court reversed an *en banc* decision of this Court granting summary relief to a petitioner who committed his offenses before any sex offender registration statutes were enacted, in light of its holding in *Lacombe*.

[5] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher T. Zweifel,          :
             Petitioner      :
                                :
        v.                 :   No. 593 M.D. 2018
                                :
The Pennsylvania State Police  :
of the Commonwealth of      :
Pennsylvania,                 :
             Respondent    :

## **O R D E R**

AND NOW, this 24th day of May, 2022, we hereby DENY the Application for Summary Relief filed by Christopher T. Zweifel.

_____
ELLEN CEISLER, Judge